# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**GREGORY DEON JONES, #76663**                                   **PETITIONER**

**VERSUS**                                              **NO. 3:10cv464-TSL-JMR**

**CHRISTOPHER EPPS, *ET AL.*** **RESPONDENTS**

## REPORT AND RECOMMENDATION

This matter is before this Court on the petition for Writ of *Habeas Corpus* [1] filed by Petitioner, Gregory Deon Jones [Jones] pursuant to 28 U.S.C. § 2254. Having considered the entire record and the applicable law, this Court makes the following recommendation regarding the petition.

## STATEMENT OF THE CASE

Jones was convicted of armed robbery in the First Judicial District Court of Hinds County, Mississippi, on July 26, 2006, and sentenced as a habitual offender to serve life in custody of the Mississippi Department of Corrections [MDOC]. [1, p. 1.] Jones filed an appeal, asserting that the trial court erred in denying his motion to dismiss based on speedy trial claims. The Court of Appeals affirmed the judgment of the circuit court. *Jones v. State*, 27 So.3d 1172 (Miss. Ct. App. 2006), *reh'g denied* Dec. 8, 2009 & *cert. denied* Feb. 18, 2010. Jones filed an application for leave to proceed in the trial court with a motion for post-conviction relief [PCR], which was denied on April 2, 2010. [1, p. 6.] Jones filed his petition for writ of *habeas corpus* in this court on August 23, 2010. [1.] Jones raises the following grounds for relief in his petition:

Ground One: Ineffective assistance of both appellate and trial counsels.

Ground Two: The cumulative effect of the errors deprived Jones of the due process right to a fair and impartial trial by jury.

> Ground Three: Court erred in denying Jones' direct appeal and application for leave to proceed in trial court.
>
> Ground Four: Failure to raise claim of cruel and unusual punishment in regards to severity of sentence.
>
> Ground Five: Invalid arrest warrant.
>
> Ground Six: The trial court erred when it dismissed the pro se motion for failure to grand [sic] a speedy trial of Mr. Jones, as he suffered the prejudice of inability to locate a critical witness who could establish his innocence.

[1, pp. 2-4.]

Jones further outlines his grounds for *habeas* relief regarding allegations of ineffective assistance of counsel with the following assertions: he contends that his trial and appellate counsels were ineffective because they allegedly failed to investigate and prepare for trial; failed to present a claim of ineffective assistance of trial counsel on appeal; failed to present insufficiency of evidence claim; failed to present claim of deficient beyond a reasonable doubt instruction; and failed to object to the use of the photo lineup. [1, p. 2.] He also claims his appellate counsel failed to raise these issues in Jones' appeal. (*Id.*)

Jones indicates that the issues raised in his *habeas* petition in Grounds One through Six were raised and denied both on direct appeal and in his PCR motion. [1, pp. 2-4.] Jones claimed that the affidavit provided in support of his arrest warrant lacked sufficient probable cause in violation of the Fourth Amendment. [2, pp. 33-35.] The Respondents assert that Jones cannot advance his claim of an alleged Fourth Amendment violation in his *habeas* petition because Jones cannot show he was denied an opportunity to present this claim in state court. [15, p. 5.] As a result, the Respondents urge that *habeas* review of Jones' claims advanced in Ground Five of the petition is barred.

All other grounds were exhausted in state court and were found to have no merit,

according to the Respondents. *Jones v. State*, 27 So.3d 1172 (Miss. 2009). The Respondents argue that unless the state court decision involved an unreasonable application of law to the facts, a federal court cannot grant *habeas* relief on the same grounds. In addition, the Respondents contend that Jones bears the burden of proving by clear and convincing evidence that the state court determined the facts unreasonably. [15, p. 9.] Jones' claim of cruel and unusual punishment should be denied because Jones was sentenced under the statutes when he was convicted and "conclusory allegations do not raise a constitutional issue," according to the Respondents. [15, p. 13.] The Respondents also assert that Jones has not established ineffective assistance of counsel. [15, p. 13-24.]

## **ANALYSIS**

Jones submitted both his petition for *habeas* relief and a memorandum of points and authorities in support of his *habeas* petition. The Court examined both submissions in its consideration of the petition.

I.    Jones' Grounds for *Habeas* Relief

    (A)    Ground One - Ineffective Assistance of Counsel

In Ground One, Jones claims he received ineffective assistance of counsel by both his trial and appellate counsel. [1, p. 2.] He outlines several allegations of error by the attorneys, including an alleged failure by Thomas Fortner to advance his case; a claim that the attorney who assumed his case after Fortner retired failed to investigate or adequately prepare for trial; failures on the part of trial and appellate counsel to investigate and present "non-frivolous issues on direct appeal"; failure to present a claim of insufficiency of evidence or to object to the use of the photo lineup; failure to prepare argument about the adequacy of the warrant issued for Jones arrest; failure to present a claim of deficient beyond a reasonable doubt instruction; failure by

3

appellate counsel to present the issue of inadequacy of trial counsel in appellate argument; failure by trial counsel to impeach credibility of victim; allegations that trial counsel should have sought dismissal of the case for "misidentification" by the witness; failure to call a witness, Laverne Williams, on Jones' behalf; failure to raise *Brady* claim; and failure to present a "reasonable doubt" instruction. [2, pp. 4-26.] The Court will address any claim of ineffective assistance of counsel in its final analysis after addressing other claims advanced in the *habeas* petition.

      B.    <u>Grounds Two through Four and Ground Six</u>

Jones filed a motion for Judgment Notwithstanding the Verdict, or in the alternative, a New Trial, after the trial and that motion was denied by the Circuit Court. [14-1, p. 84;14-5, p. 35.] In that motion, Jones asserted that the trial court erred when it denied his request for a second photo lineup which did not show Jones wearing a hooded jacket; that the verdict was contrary to the weight of the evidence; that mention of the photo lineup brought up a suggestion of other crimes not connected to the case; and that the decision to overrule the motion for directed verdict was against the weight of the evidence. [14-1, pp. 70-71.] The appeals court addressed the issue of the denial of Jones' motion to dismiss for failure to grant a speedy trial; and the issue of failure to call Williams as an alibi witness at trial. *Jones*, 27 So.3d at 1175-9. The Mississippi Supreme Court found that Jones did not properly assert his right to a speedy trial and that he failed to demonstrate prejudice due to his inability to locate Williams. [14-7, p. 29.] Jones then filed a motion for rehearing; however, that motion was denied on December 8, 2009. [14-7, p. 38.] Jones also filed a petition for *writ of certiorari* which was denied. [14-6, p. 2.] Jones filed a *pro se* application for Leave to Proceed in the Trial Court asserting claims of ineffective assistance of counsel at trial and on appeal, evidentiary issues and a claim of speedy

trial violation. [14-8, p. 2.] He also filed a motion for PCR with the Mississippi Supreme Court. [14-8, p. 4.] The motions were denied by the Mississippi Supreme Court. (*Id.*)

Under the Antiterrorism and Effective Death Penalty Act [AEDPA], a petitioner is entitled to *habeas* relief only if he can show that the state court decision which denied him relief was contrary to or an unreasonable application of clearly established federal law. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002), *cert. denied* 538 U.S. 969 (2003). A state court decision is "contrary to" clearly established Supreme Court precedent when the decision "applies a rule that contradicts the governing law" set out in cases or reaches an opposite result from a case with facts that are "materially indistinguishable." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court determination is an unreasonable application of precedent when the state court correctly identifies legal principals from case law but unreasonably applies it to the facts of a case. *Williams*, 529 U.S. at 407. Under section 2254(e)(1), state court findings of fact are presumed to be correct, and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Valdez v. Cockrell,* 274 F.3d 941, 947 (5th Cir. 2001).

In Ground Two, Jones claims that the cumulative effect of errors, including those mentioned above, deprived him of due process right to a fair and impartial jury trial. [1, p. 3.] Jones claims that the decisions to deny his direct appeal and claim for PCR were in error. [1, pp. 2-4.] He claims that his sentence of life in prison constitutes cruel and unusual punishment because of its severity. (*Id.*; 2, p. 35.) He also contends that the trial court erred in dismissing his speedy trial claim. (*Id.*, 2, pp. 28-33.) He does little to elaborate on these claims, other than to assert that he "prays this Honorable Court reviews his petition and grants him whatsoever relief it deems fair and just to prevent a further miscarriage." [2, p. 27.]

The Mississippi Supreme Court found that Jones' Application for Leave to Proceed in the Trial Court based on alleged ineffective assistance of counsel at trial and on appeal, evidentiary issues and a speedy trial claim should be denied. [14-8, p. 2.] Jones argued that the state court erred in its failure to grant a motion to dismiss based on his claim that his right to a speedy trial was denied because he was unable to locate Williams following the delay in the trial. [14-6, pp. 7, 12-16.] That motion was denied on July 26, 2006, with the court finding that the circuit court did not err in deciding to deny Jones' motion to dismiss for failure to grant a speedy trial, after thoroughly considering Jones' claim that a crucial witness was lost as a result of the delay. [14-6, pp. 7-37.]

The Court has examined Jones' claims regarding the state court findings and determined that any assertions that Jones is entitled to *habeas* relief based on claims concerning the evidence admitted at trial; whether probable cause existed to warrant Jones' arrest; whether the photographic lineup violated due process law; whether Jones' right to a speedy trial was violated because he could not call a potential alibi witness; and whether the trial court erred in denying Jones' motion for directed verdict are foreclosed by the state court findings. The AEDPA prohibits *habeas* relief unless the adjudication of the claim either (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A federal court is to presume a state court's factual findings are correct absent clear and convincing evidence to the contrary. *See Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004). Jones has not presented evidence contrary to the state court findings and has not rebutted the presumption of correctness of those findings by clear and

convincing evidence. The Court recommends that Jones *habeas* petition under grounds two, three, and six should be dismissed because these issues were reviewed by the state court and its findings were not contrary to or an unreasonable application of clearly established federal law.

Jones claims in Ground Four of the petition that he is entitled to *habeas* relief because his sentence constitutes cruel and unusual punishment. [1, p. 3.] A sentence may violate the Eighth Amendment where it is grossly disproportionate to the crime committed, which occurs in only in "'exceedingly rare' and 'extreme' cases." *Lockyer v. Andrade,* 538 U.S. 63, 71 (2003). The Court should consider the offenses that form the basis of such a sentence in the light of *Rummel v. Estelle,* 445 U.S. 263, 265-6, (1980). Here, Jones was previously convicted of five felonies, three of which were crimes of violence, including armed robbery; several burglaries, and attempted burglary. [14-4, pp. 94-5, 98-9.] The armed robbery charge is categorized as a crime of violence. [14-4, p. 95.] In the underlying case involved in this *habeas* petition, Jones was convicted as a recidivist and he received a sentence of life in prison, under MISS. CODE ANN. § 99-19-83. [14-1, p. 67.] This sentence is not so disproportionate such that it violates the Eighth Amendment. *McGruder v. Puckett*, 954 F.2d 313, 317 (5th Cir. 1992), *cert. denied* 506 U.S. 849. The Court recommends that the *habeas* petition should be denied on the reasons asserted in Ground Four of the petition.

    C.    <u>Ground Five - Jones' Fourth Amendment Claim</u>

According to the Respondents, any Fourth Amendment search and seizure claims advanced by Jones are precluded from *habeas* review pursuant to the holding in *Stone v. Powell*, 428 U.S. 465 (1976). [15, p. 5.] *Stone* provides that "where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal *habeas corpus* relief on the ground that evidence obtained in an unconstitutional search

or seizure was introduced at his trial . . . ." *Stone* at 482. This preclusion acts as a bar on *habeas* relief based on the Fourth Amendment "absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct appeal." *See Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986) (quoting *Stone*, 428 U.S. at 494, n.37). It is of no consequence whether the opportunity is successful, the mere opportunity to present a claim to the trial and appellate courts alleging the violation of a Fourth Amendment right constitutes an "opportunity for full and fair consideration" of a fourth amendment claim under *Stone* unless petitioner can establish sufficient factual allegations and proof that the state process is routinely or systematically applied in such a way as to prevent the actual litigation of fourth amendment claims on their merits. *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006), *cert. denied* 549 U.S. 1120 (2007). The Fifth Circuit has concluded that the "opportunity for full and fair litigation" "means just that: 'an opportunity.'" *Janecka v. Cockrell,* 301 F.3d 316, 320 (5th Cir. 2002), *citing Caver v. Alabama,* 577 F.2d 1188, 1192 (5th Cir.1978). The Mississippi Supreme Court and Court of Appeals reviewed the Fourth Amendment claim and found it to lack merit, according to the Respondents. [15, p. 5.]

In this case, the state court found that the circuit court was correct in denying Jones' motion to dismiss for failure to grant a speedy trial. *Jones*, 27 So.3d at 1179. The Court finds that because the state court decision correctly analyzed Jones' claim regarding the speedy trial issue, that decision serves as a bar to federal *habeas* consideration of the same issue. *See Gray v. Epps*, 616 F.3d 436, 439 (5th Cir. 2010), *cert. denied* 131 S.Ct. 1785 (2011). Accordingly, the Court finds that Jones fails to show that the decision by the trial court or the decision by the appellate court was not a full and fair litigation of his Fourth Amendment claim. Thus, the Court finds that Jones' Fourth Amendment probable cause challenge raised in Ground Five is barred from federal

*habeas* review under *Stone*, and recommends that the claim for *habeas* relief advanced in that portion of the petition should be dismissed.

II.     Ineffective Assistance of Counsel

An attorney renders constitutionally ineffective assistance where his performance was deficient and prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984); *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012). Both showings must be established by a preponderance of the evidence. *Wiggins v. Smith,* 539 U.S. 510 (2003); *Strickland,* 466 U.S. at 687; *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir.), *cert. denied*, 528 U.S. 947 (1999). If the Court finds against the Petitioner on either element, then the Court may deny the ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 697; *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998).

Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed under the Sixth Amendment. *Strickland*, 466 U.S. at 687. When analyzing an allegation of deficient performance, the Court's inquiry will focus on whether counsel's performance fell below an objective standard of reasonableness. *Wiggins,* 539 U.S. at 521, *Williams v. Taylor,* 529 U.S. 362, 391 (2000); *Strickland,* 466 U.S. at 688. The determination will consider whether the assistance was reasonable under all the circumstances seen from counsel's perspective at the time, and the prevailing professional norms for attorneys. *Wiggins,* 539 U.S. at 521; *Strickland*, 466 U.S. at 688; *Cullen v. Pinholster,* __ U.S. __, 131 S.Ct. 1388, 1408 (2011); *see Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011), *cert. denied* 132 S.Ct. 1100 (2012). Judicial scrutiny of counsel's performance is highly deferential and must be considered in light of the services rendered at the time, rather than by a distorted view of 20/20 hindsight. *Lavernia v. Lynaugh*,

845 F.2d 493, 498 (5th Cir. 1988). The Court must determine whether there is a gap between what counsel actually did and what a reasonable attorney would have done under the circumstances. *Neal v. Puckett*, 286 F.3d 230, 236 (5th Cir. 2002), *cert. denied* 537 U.S. 1104 (2003). Defense counsel is presumed competent, and this Court indulges a strong presumption, which Jones must overcome, that counsel's conduct is within the wide range of reasonable professional assistance. *Strickland,* 466 U.S. at 689; *Robison v. Johnson,* 151 F.3d 256, 260 (5th Cir. 1998), *cert. denied* 526 U.S. 1100 (1999). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson,* 116 F.3d 1115, 1122 (5th Cir. 1997).

To prove prejudice, Jones must demonstrate that the result of the proceedings would have been different and that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert denied* 516 U.S. 1005 (1995); *Lockhart v. Fretwell*, 506 U.S.364, 369 (1993). To meet the prejudice prong, Jones must affirmatively prove and not merely allege prejudice. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.) *cert denied*, 476 U.S. 1143 (1986). There is no constitutional entitlement to error free representation. *Washington v. Watkins*, 655 F.2d 1346, 1367 (5th Cir. 1981) *cert denied*, 456 U.S. 949 (1982).

Jones outlines several reasons why he claims that his counsel provided ineffective assistance at the trial and appellate levels. [2, pp. 6-8.] Jones contends that his trial and appellate counsel failed to investigate his case or present "meritorious" claims on appeal. [2, p. 7.] Jones further elaborates that the affidavit and warrant issued in his case lacked probable cause. [2, p. 8.] This claim was addressed by the trial court and appellate court and is barred from further

review in Jones' *habeas* petition. There is nothing in his claim of ineffective assistance of counsel to establish that Jones' contentions regarding a lack of probable cause to support the warrant were not properly considered by the courts and that his counsel were somehow to blame for the courts' treatment of the issue. This Court finds no merit in Jones' claim that he received ineffective assistance of counsel concerning his Fourth Amendment claim.

Jones claims that his attorney should have challenged the sufficiency and weight of the evidence in the trial court and because the attorney allegedly did not put forth such a challenge, Jones claims he received ineffective assistance of trial counsel. It appears that the state court did review the evidence presented, and thus a challenge was made to the evidence.

Jones asserts that a reasonable doubt instruction was not presented to the jury, when the state court record establishes that reasonable doubt was included in the jury instructions. [2, p. 8; 14-1, pp. 50, 57.] In addition, he claims that his attorney failed to subpoena Williams, however, the state court record indicates that a subpoena was issued and executed on Williams. [14-5, p. 24.] The petition for rehearing also contends that Jones was prejudiced by the failure to locate Williams for trial, however, this petition was denied by the Court of Appeals. [14-6, pp. 6-17.]

"Complaints of uncalled witnesses are not favored in federal *habeas corpus* review because allegations of what a witness would have testified are largely speculative. Where the only evidence of a missing witnesses' testimony is from the defendant, this Court views claims of ineffective assistance with great caution." *Sayre v. Anderson*, 238 F.3d 631, 635-6 (5th Cir. 2001)(quoting *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986)(citations omitted). The Petitioner must show that but for his attorney's failure to call these witnesses, the jury would have had a reasonable doubt about his guilt. *Earhart v. Johnson*, 132 F.3d 1062, 1068 (5th Cir. 1998). Even if defense counsel's failure to call Williams was deficient, Jones has failed to

11

exhibit that the content of Williams' testimony would have resulted in a different outcome at the trial.

Jones claims that his appellate counsel should have argued that his trial attorney was ineffective. [2, p. 10.] Jones asserted in state court that his trial and appellate counsel were ineffective, and that claim was denied. [14-8, p. 2.] Counsel is not ineffective merely because counsel fails to raise issues requested by defendant. *Hamilton v. McCotter,* 772 F.2d 171 (5th Cir. 1985). In addition, counsel is not ineffective for failing to raise every possible point on appeal. *Wicker v. McCotter,* 783 F.2d 487 (5th Cir. 1986). Mere allegations that appellate counsel should have raised an issue regarding the performance of trial counsel on appeal by Jones fails to establish ineffective assistance on the part of appellate counsel, especially when the evidence regarding trial counsel's performance does not establish that ineffective assistance was rendered by that person. The Court finds no basis for *habeas* relief in the claim that appellate counsel provided ineffective assistance of counsel based on which issues were presented in the appeal proceeding. *See Sharp v. Puckett*, 930 F.2d 450, 452 (5th Cir. 1991).

Jones offers no evidence that if any of his attorneys had performed differently, the outcome of his proceeding would have been different. [8-2, pp. 2-78.] Therefore, the Court concludes that Jones' ineffective assistance of counsel claims fail because neither attorney's performance fell below an objectively reasonable standard. Jones has not established the requisite factors under *Strickland* to prove ineffective assistance of counsel, and the Court finds no reason to grant *habeas* relief on this claim. In summary, the Court finds no merit to any of Jones' claims and recommends that Jones' *habeas* petition be dismissed with prejudice.

## **CONCLUSION**

In summary, Jones has not shown the adjudication of his claims in state court resulted in

a decision contrary to Federal law nor that it resulted in a decision based on an unreasonable determination of the facts. In addition, Jones has failed to establish that he received ineffective assistance of counsel. Therefore, the Court recommends that Jones' Petition for Writ of *Habeas Corpus* [1] be dismissed with prejudice.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than April 16, 2013, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1425, 1428-9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R has been forwarded to petitioner at his last known address by certified mail, return receipt requested.

THIS the 2nd day of April, 2013.

s/ John M. Roper, Sr.<br>CHIEF UNITED STATES MAGISTRATE JUDGE