UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GREGORY DEON JONES                                          PETITIONER

VS.                                    CIVIL ACTION NO. 3:10CV464TSL-JMR

CHRISTOPHER EPPS, ET AL.                                   RESPONDENTS

ORDER

This cause is before the court on the April 2, 2013 report and recommendation of Magistrate Judge James M. Roper, recommending dismissal of Jones' § 2254 petition. Jones has filed an objection to the report and recommendation, and the court, having considered the objection[1], now concludes that the objection is not well taken and should be overruled and that the report and recommendation should be adopted as the opinion of the court subject to the following modifications.

First, while the magistrate judge purported to address the merits of petitioner's ineffective effective assistance of counsel claims (and did not err in his conclusion that the claims were meritless), the proper standard is whether the petitioner has shown that the state court's decision regarding a claim of ineffective assistance of counsel was either "contrary to" federal law, as determined by the Supreme Court, or an "unreasonable

---

[1] Petitioner's objection does not in any way address the report and recommendations' findings or conclusions. Instead, by it, petitioner appears to urge that his petition should not be dismissed for failure to exhaust.

application" of Strickland.  Harrington, 131 S. Ct. 770, 785 (2011)("The pivotal question [under the AEDPA] is whether the state court's application of Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard.  Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a Strickland claim on direct review of a criminal conviction in a United States District Court."). This being said, here, it follows that because petitioner's ineffective assistance of counsel claims lacked merit, the Mississippi Supreme Court's decision denying relief on the ineffective assistance of counsel claims was not contrary to, nor an unreasonable application of Strickland.

Second, while the magistrate judge construed (and rejected) Ground Four--"failure to raise claim of cruel and unusual punishment in regards to severity of sentence"-- as a substantive Eighth Amendment challenge, the undersigned agrees with respondents' characterization of this claim as yet another Sixth Amendment ineffective assistance of counsel claim.  By this ground, Jones charges that an unspecified counsel was deficient for failing to raise a claim of cruel and unusual punishment regarding his life sentence.  According to Jones, his sentence is unusually severe considering that he was sentenced to a life term "for a crime he didn't commit, nor didn't anyone press charges,

2

and the State failed to prove beyond a reasonable doubt." In other words, Jones' position is that, given that the state failed to prove beyond a reasonable doubt that he was guilty of the crime of armed robbery, his life sentence amounts to cruel and unusual punishment and counsel was deficient for failing to raise this issue. Viewed in this context, the undersigned easily concludes that the Mississippi Supreme Court's decision to deny relief on this ground was neither contrary to, nor an unreasonable application of Strickland. Simply put, the Mississippi Court of Appeal's decision denying Jones' direct appeal sets out an ample evidentiary basis to support his conviction for armed robbery, see Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979) (challenge to sufficiency of evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"). In light of this, Jones suffered no prejudice from any failure on counsel's part to raise the issue and the Mississippi Supreme Court's rejection of petitioner's ineffective assistance claim raising the Eighth Amendment issue was neither contrary to, nor an unreasonable application of Strickland.

    Finally, with regard to Ground Five, petitioner's assertion that he is entitled to habeas relief because he was arrested pursuant to a warrant based on false affidavit, the undersigned

agrees with the magistrate judge's conclusion that Jones has not shown that he was denied a full and fair opportunity to litigate the Fourth Amendment issue in state court.  See Stone v. Powell, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976) (where State has provided opportunity for full and fair litigation of Fourth Amendment claim, Constitution does not require that state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in unconstitutional search or seizure was introduced at his trial).  However, the undersigned does not agree with the magistrate judge's finding that Jones availed himself of the opportunity to present the Fourth Amendment issue by filing in and litigating before the trial court and the Mississippi Court of Appeals a motion to dismiss for failure to grant a speedy trial.  Jones' motion to dismiss on speedy trial grounds implicated the Sixth and Fourteenth Amendments, see Divers v. Cain, 698 F.3d 211, 215 (5th Cir. 2012) ("The Sixth Amendment guarantees that for 'all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial.' U.S. Const. amend. VI.  The right to a speedy trial is applied to the states via incorporation by the Due Process Clause of the Fourteenth Amendment."), and did not purport to raise any Fourth Amendment issues.  Notwithstanding this, Jones has not claimed nor purported to show that he was denied the opportunity to raise this issue at trial.  See Coleman v. Taylor, 1995 WL 103647, *2 (5th Cir. March 3, 1995)("The opportunity to

4

present a Fourth Amendment claim to the state trial and appellate courts, whether or not that opportunity is exercised or proves successful, constitutes an opportunity under Stone absent an allegation that the state process is 'routinely or systematically applied in such a way as to prevent the actual litigation of [F]ourth [A]mendment claims on their merits.'  Williams v. Brown, 609 F.2d 216, 220 (5th Cir. 1980).  The petitioner bears the burden of pleading and proving the denial of the opportunity for a full and fair hearing.  Davis v. Blackburn, 803 F.2d 1371, 1372 (5th Cir. 1986).").  Notably, Jones was able to present the Fourth Amendment issue to the Mississippi Supreme Court via his application for post-conviction relief and cannot be heard to complain that the court found the claim to be meritless.

   IT IS, THEREFORE, ORDERED that the report and recommendation of United States Magistrate Judge John M. Roper entered on April 2, 2013, be, and the same is hereby adopted as the finding of this court subject to the foregoing modifications, and the petition for writ of habeas corpus is hereby dismissed with prejudice.

   It is further ordered that a certificate of appealability should not issue.  Petitioner has failed to show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right...."  Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

A separate judgment will be entered herein in accordance with this order as required by Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 17th day of September, 2013.


        /s/ Tom S. Lee
         UNITED STATES DISTRICT JUDGE